*787 OPINION.
Black:
It is contended on behalf of the respondent that the petitioners were affiliated during the year 1922 and elected to file separate instead of consolidated returns for that year, and that, having done so, they can not file consolidated returns for 1923 without permission of respondent.
Petitioners do not claim such permission, but contend that they were not affiliated in 1922 and that their action in filing separate returns can not be deemed an election until they were actually affiliated, which they claim was in 1923.
Section 240(a), Act of 1921, after providing that affiliated corporations may make separate returns, or, under regulations prescribed by the Commissioner make a consolidated return of net income, provides : “ If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.”
*788 It has been shown here that more than 95 per cent of the capital stock of both petitioners and of the Georgia Brick <& Tile Co. was owned by the same group of five persons in 1922, which was ownership of substantially all of the capital stock of each of them by the same interests resulting in affiliation and the right to file a consolidated return. As separate returns were filed, the statute above quoted applies and separate returns should have been filed for 1923. Harbour-Longmire Co., 18 B. T. A. 33.
Reviewed by the Board.

Judgment will he entered for the respondent.